IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV219-1-MU

| | | |
|---|---|---|
| JOHNNY CALVIN OLLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DAVID MITCHELL, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss, filed May 2, 2005.

On October 12, 2004, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his constitutional rights by retaliating against him for filing a federal law suit.[1] Plaintiff seeks extensive compensatory and punitive damages.

Defendants have asked the Court to dismiss Plaintiff's Complaint on the basis that it is unexhausted. For the reasons set forth below, the Court agrees with Defendants' assertion that Plaintiff's claims are unexhausted and therefore his Complaint must be dismissed.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies[2] prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the

---

[1] On October 17, 2003, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Boyd Bennet (1:03CV257-1-MU).

[2] The Court takes judicial notice of the fact that the North Carolina Department of Corrections (DOC) has an Administrative Remedy Procedure which governs the filing of grievances

PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

Plaintiff has submitted copies of four grievances as evidence that he has exhausted his administrative remedies prior to filing this lawsuit.[3] A review of each of these grievances, however, reveals that Plaintiff has not exhausted his remedies.

**Unnumbered Grievance dated August 17, 2003**

Petitioner's August 17, 2003 grievance pre-dates the date of the Complaint. Needless to say, this grievance cannot be said to exhaust Plaintiff's claims of retaliation for filing his federal law suit as the events it describes occurred prior to his filing of his federal lawsuit.

Plaintiff attempts to avoid this result by asserting that the retaliation began as soon as he spoke up about the conditions that ultimately formed the basis of his first federal suit. The flaw in Plaintiff's argument is that a § 1983 retaliation claim must be based upon a protected constitutional

---

in each of its correctional facilities. The DOC's Administrative Remedy Procedure provides that "any aggrieved inmate may submit a written grievance . . . ." DOC ARP § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described Step One of the grievance process, he or she may request relief from the Facility Superintendent. DOC ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described Step Two of the grievance process, he or she may appeal to the Secretary of Correction through the Inmate Grievance Examiner (IGE). DOC ARP § .0310(c)(1). The decision by the IGE or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. DOC ARP § .0310(c)(6).

[3] It goes without saying that any claim in Plaintiff's Complaint that is not set forth in one of these four grievances is unexhausted.

right. Complaints about his treatment in prison or filing grievances, in contrast to filing a law suit, are not a constitutional right. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Lynch-Bey v. Garraghty, No. 3:01cv470, 2002 WL 32507841 (E.D. Va. 2002).

**Grievance 4855-2004-293 dated July 24, 2004**

Plaintiff accepted the results of his July 24, 2004, grievance. That is, Plaintiff agreed, as indicated by his signature, with the Step One response. Agreement with the response does not constitute exhaustion for filing a federal claim. It is simply not logical for a prisoner's acceptance of a grievance response to fulfill the exhaustion requirement mandated by § 1997e. To the contrary, Plaintiff's acceptance of the resolution of his grievance concluded the matter.

**Grievance No. 4855-2004-368 dated September 13, 2004**

Petitioner's September 13, 2004, grievance was rejected because it contained "more than one incident."[4] Plaintiff did not resubmit a grievance concerning the incident that forms the basis of his present Complaint. It thus appears that Plaintiff failed to fully exhaust his administrative remedies.

Plaintiff attempts to avoid the conclusion that he has failed to exhaust his administrative remedies by asserting that it would be difficult to submit nine separate grievances to deal with each of the alleged incidents. He also asserts that it would likely be denied for appealing a disciplinary action. Finally, Plaintiff asserts that the remedy he would now seek – monetary damages – would not be awarded through the grievance process. Plaintiff's speculation as to why any subsequent grievance would be rejected is just that – speculation. An inmate cannot use mere speculation to justify a failure to exhaust. Moreover, futility is not a sufficient excuse to obviate a failure to

---

[4] Section .0306(b)(4) of the Department of Correction Policy and Procedure sets forth that an inmate grievance may be denied if the inmate requests a remedy for more than one incident.

exhaust.[5] As to Plaintiff's assertion that it would be difficult under the grievance rules to submit separate grievances for each incident is equally unavailing.

**Grievance 4855-2004-140 dated April 3, 2004**

Plaintiff's April 3, 2004, grievance was rejected at an initial screening because the screener determined that Plaintiff's grievance challenged disciplinary actions, concerned actions not yet taken (pending lawsuit), and did not follow ARP procedures as no remedy was offered. Again, Plaintiff chose not to refile his grievance to comply with DOC requirements. As such he has failed to exhaust his administrative remedies with regard to these claims.

In addition the Court notes that Plaintiff pled guilty to two of the three disciplinary procedures of which he complains. The third write-up was dismissed. While this Court is well aware that, in certain circumstances, allegations of false disciplinary actions[6] may support a retaliation claim, this Court is unaware of any case law supporting the conclusion that admitted disciplinary infractions can support such claims.

---

[5] The United States Supreme Court has expressly rejected the contention that the futility of pursuing administrative relief excuses the exhaustion requirement. Booth v. Churner, 121 S. Ct. 1819, 1825 n.6 (2001).

[6] Even if Plaintiff's retaliation claim were based upon false disciplinary charges because a judgment in his favor would necessarily imply the invalidity of his disciplinary convictions, he would have to first successfully challenge those disciplinary convictions in a habeas proceeding. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). Consequently, even if Plaintiff's retaliation claim based upon these disciplinary convictions was exhausted it would still be dismissed.

**IT IS THEREFORE ORDERED THAT**:

1.   Defendants' Motion to Dismiss is **GRANTED**; and

2.   Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

Signed: February 3, 2006

Graham C. Mullen
United States District Judge